Howell *v.* Howell.

JOHN S. HOWELL and others *vs.* SARAH M. HOWELL and others.

It is a well established doctrine of equity, that where, upon the purchase of real estate, the title is taken in the name of one person, and the purchase money is advanced by another, the parties being strangers to each other, there is a resulting trust in favor of the party from whom the consideration proceeds.

When the purchase is made, and the money advanced by a father, and the title taken in the name of a son, the purchase would be deemed an advancement; but when the purchase is made, and the money advanced by the son, and the title taken in the name of the father, the relation of the parties will not defeat the resulting trust.

In this case the farm was purchased by two sons, for their own use: they paid all the purchase money that they could raise, and in order to enable them to pay the balance, their father mortgaged his own farm, and to secure himself for such advance, took the title for the farm in his own name. During the lifetime of the father, the sons treated the mortgage debt as their own, paid the interest on it, and also used and enjoyed the farm purchased as their own, the father disclaiming all interest in or control over it. The father afterwards died intestate as to the farm so purchased, but by a will, made before the purchase, he devised his own farm to the two sons, charged with the payment of all his debts. On a bill, filed by the two sons against the other heirs of their father, praying that the farm be declared to be held by the heirs of the father in trust for the two sons, it was *held* that the other heirs of the father would be declared trustees for the complainants, and they were decreed to convey their respective interests to them.

Although ordinarily the trust must arise at the time of the making of the deed, and if part only of the consideration be paid at the time by the party claiming the benefit of the trust, the trust results in his favor only to that amount, although he subsequently pays the whole purchase money; yet in this case the whole purchase money must be regarded as paid by the complainants, and the transaction between the sons and the father must be regarded as a loan by the father to the sons to enable them to make the purchase.

The facts of this case are fully stated by the Chancellor in his opinion.

The cause was argued *ex parte* by

*T. N. McCarter,* for complainants.

THE CHANCELLOR. The complainants, by their bill, seek relief against the operation of a deed of bargain and sale, bearing date on the twentieth of March, 1858, made to their father, Lewis Howell, by Dennis Cochran, for a farm in the township of Newton. The bill charges that the farm was purchased by the complainants for their own use, and that so much of the consideration as has been paid was paid by them; that being unable to raise the balance of the purchase money by mortgage upon the premises, in consequence of a pre-existing encumbrance, their father consented to aid them by raising money by mortgage upon his own farm. The money was so raised, and by way of security therefor, the deed for the premises purchased of Cochran was made directly from him to the father of the complainants, but in reality for the use of the complainants themselves. Since the conveyance the father has died leaving a will, executed some years prior to the date of the conveyance, devising to the complainants the farm so mortgaged by him charged with the payment of his debts. As to the farm conveyed by Cochran, he died intestate. The bill prays that the farm may be declared to be held by the heirs of Lewis Howell in trust for the complainants, and that they be decreed to convey their respective shares therein to the complainants, or that the sums paid and advanced by the complainants should be declared to be a lien upon the said farm, and that the same should be sold for the payment thereof.

The case made by the bill is very fully established by the evidence. The complainants purchased the farm, paid the purchase money, excepting the portion raised by the father upon mortgage, and have since occupied the farm, making permanent improvements, and taking the rents and profits for their own use. It is shown that the father always treated and spoke of it as his sons', and disclaimed all interest in it as his own property.

It is a well established doctrine of equity, that where, upon the purchase of real estate, the title is taken in the name of one person, and the purchase money is advanced by

another, the parties being strangers to each other, there is a resulting trust in favor of the party from whom the consideration proceeds. *Hill on Trustees* 91; *Adams' Equity* 33; *Story's Eq. Jur.*, § 1201.

The application of the principle to this case is not affected by the relation subsisting between the parties. Where the purchase is made, and the money advanced by the father, and the title taken in the name of the son, the purchase would be deemed an advancement. The presumption in favor of the advancement arises not only from the relation between the parties, but from the moral obligation of the father to provide for the son. But where the purchase is made, and the money advanced by the son, and the title taken in the name of the father, the relation of the parties will not defeat the resulting trust. *Adams' Eq.* 35; *Story's Eq. Jur.*, § 1203.

The trust must arise at the time of the making of the deed; and if part only of the consideration be paid at the time by the party claiming the benefit of the trust the trust results in their favor only to that amount, though they subsequently pay the whole of the purchase money. But in this case the whole purchase money must be regarded as paid by the complainants. The transaction between the sons and the father must be regarded as a loan or an advancement by the father to the sons, to enable them to make the purchase. The sons were to provide for the debt incurred by the father, and they did provide for it by paying the interest as it accrued, the principal being not yet due. At the time of the transaction, the father had made his will, by which he had devised the farm upon which he gave the mortgage to the the complainants, upon condition of their paying all the debts of his estate. That will continued in force at his death. The very money, therefore, which the father furnished was at the time of the transaction, and still is an encumbrance upon the lands devised to the complainants. But the will was executed before the lands now in question were purchased, and it contains no residuary or other clause which

will vest the title in the sons. Had that been done, the design of the transaction would have been effected, and the intention of the parties carried into effect. But as the title now stands, the sons advanced the purchase money, and the lands descend, as the estate of the father, equally to all his children and their representatives.

Although it is necessary to create the trust that the funds should be paid by the *cestui que trust* at the time of the purchase, yet they may be supplied by a third person, or even by the nominal purchaser, on credit. *Page* v. *Page*, 8 *N. Hamp.* 187; *Runnells* v. *Jackson*, 1 *Howard* (*Miss.*) 358.

So the trust will result, though a part of the ·money be paid in cash, and a note given for the residue. *Lounsberry* v. *Purdy*, 16 *Barb. S. C.* 380.

The heirs-at-law of Lewis Howell, the father, who are made defendants, will be declared to be trustees, as to their respective shares, for the complainants, and will be decreed to convey their respective shares to them. As the land mortgaged by the father is devised to the complainants subject to all the debts of the estate of the testator, it would seem that the interests of all the heirs are sufficiently protected against any prejudice from the debt incurred by the testator in aid of the complainants. But to . gaurd against any possible contingency, it will be proper so to frame the decree as to require the conveyance to be made to the complainants subject to the payment of the mortgage debt, or after that debt shall have been satisfied by the complainants, and the estate discharged therefrom. ✓